# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

MICHAEL SHERIDAN,

    Plaintiff,

v.                              CIVIL ACTION NO.  5:23-cv-00238

EASTERN ACCOUNT SYSTEM
OF CONNECTICUT, INC.,
EQUIFAX INFORMATION SERVICES, LLC, and
TRANS UNION, LLC,

    Defendants.

## ORDER

On July 17, 2024, the Court received the following email from a non-lawyer staff member in the office of Quilling, Selander, Lownds, Winslett & Moser, P.C., counsel for Defendant Trans Union:

> Good morning,
>
> I was wondering if you'd be able to clarify the status of this case (Sheridan v. Eastern Account System of Connecticut, Inc. et al; 5:23-cv-00238) regarding Trans Union, LLC.
>
> Plaintiff filed a Proposed Agreed Order of Dismissal as to Trans Union, LLC on or about April 23, 2024 (Docket Number 45), however, Trans Union, LLC has not been dismissed. Is the Proposed Agreed Order sufficient to dismiss Trans Union, LLC, or do the parties need to file something else to effectuate proper dismissal?
>
> Thank you for your time,
>
> Madison

*Local Rule of Civil Procedure* 83.7 provides "[i]n all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia." Pursuant to the *West Virginia Rule of Professional Conduct* 3.5(b) "[a] lawyer shall not communicate ex parte with [a judge or other official] during the proceeding unless authorized to do so by law or court order." Further, "a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." W. Va. R. Prof. Cond. 5.1(b).

The subject legal assistant doubtless believed she was diligently performing her job duties and seeking information from the individual whom she thought might be best positioned to answer.[1] She is not blameworthy. Instead, it is the responsibility of the supervising lawyer(s) to install appropriate guardrails during the training process to assure events such as this one are minimized or eliminated. Accordingly, the supervising lawyer(s) are reminded of their ethical obligation to ensure staff members are properly trained in, and abide by, the governing rules of professional conduct.

That would be the end of the matter, but in surfacing the circumstances, the Court noticed an anomaly. Counsel for Trans Union, LLC, is listed on the docket as follows:

**Peter J. Raupp**
STEPTOE & JOHNSON
P. O. Box 1588
Charleston, WV 25326-1588
304-353-8000

---

[1] The Proposed Agreed Order [ECF 45] referenced by the subject legal assistant was considered for entry by the Court, but ultimately disregarded as the parties incorrectly moved this Court to "dismiss the above-styled civil action with prejudice." Instead, the parties should have requested the Court dismiss the Defendant Trans Union, LLC.

Fax: 304-353-8180
Email: peter.raupp@steptoe-johnson.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Scott E. Brady**
SCHUCKIT & ASSOCIATES
4545 Northwestern Drive
Zionsville, IN 46077
317/363-2400
Fax: 317/363-2257
Email: sbrady@qslwm.com
LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED

(Dock. Sht. at 1). Mr. Brady is listed above as a lawyer associated with "SCHUCKIT & ASSOCIATES." It is noteworthy, however, that his email is listed as sbrady@qslwm.com, the mail server of which corresponds with the first letters of the lengthy firm name mentioned at the outset, namely, Quilling, Selander, Lownds, Winslett & Moser, P.C. The Statement of Visiting Attorney filed May 10, 2023, likewise, lists Mr. Brady as employed by Schuckit & Associates, P.C.

Based upon the foregoing, Mr. Brady is **ORDERED** to file an explanation on or before August 1, 2024, setting forth the aforementioned variance and the firm(s) for which he has worked during the pendency of this litigation to assure, *inter alia*, the firm name listed on the May 10, 2023, Statement of Visiting Attorney was accurate when filed and that all applicable fees have been paid as required by law.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER:    July 23, 2024

Frank W. Volk
United States District Judge

3